UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REFRIGERATION SUPPLIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19 CV 2210 RWS |
| | ) | |
| ACADIA INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on "plaintiff's motion to compel appraisal and stay litigation." Plaintiff alleges that hail damaged its roofs and seeks to compel its insurance company to submit to appraisal for the claimed damage. Defendant denied the claim on the grounds that it was not a covered loss within the policy period and that plaintiff did not timely report it.

Plaintiff's inadequately presented motion[1] will be denied given plaintiff's affirmative allegation that its claim was denied, thus establishing that the issue is not with regard to an amount of loss, but rather coverage, which "cannot be

---

[1] Plaintiff's motion cites no Federal Rule of Civil Procedure under which plaintiff seeks relief. Although plaintiff attaches materials outside the pleadings in support of this motion, it has not filed a properly supported motion for summary judgment in accordance with Local Rule 4.01(E). Moreover, plaintiff does not even provide the Court a complete copy of the insurance policy, instead providing only the appraisal provision (Doc. # 20-3 at 102-3) and then later the "loss payment provision." (Doc. #22-2).

resolved through the appraisal process." *Olga Despotis Trust v. Cincinnati Ins. Co.*, 867 F.3d 1054, 1060 (8th Cir. 2017) (citing *Am. Family Mut., Ins. Co. v. Dixon*, 450 S.W.3d 831, 836 (Mo. Ct. App. 2014)); *see also Central Reform Congregation v. Affiliated FM Ins. Co.*, 2018 WL 1695532, at *3 (E.D. Mo. Mar. 30, 2018). Plaintiff's attempt to recast defendant's denial of coverage as one of valuation by arguing that the parties really just disagree over the amount of loss because it "believes the amount of loss is approximately $890,000 while [defendant] believes the value of the loss to be $0" is unavailing. Defendant denied the claim and therefore never valued a covered loss under the policy. Moreover, plaintiff raised this argument for the first time in its reply brief, a practice that would ordinarily prompt the Court to disregard it. In this case, however, the Court will grant defendant leave to file its sur-reply, consider the argument, and reject it as meritless. Equally meritless is plaintiff's belatedly raised argument that the policy requires appraisal even when defendant disputes coverage. This argument is foreclosed by the plain language of the policy, which unambiguously requires appraisal only "[i]f we and you disagree on . . . the amount of loss . . . ." (Doc. # 20-3 at 103).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to compel appraisal [20] is denied.

**IT IS FURTHER ORDERED** that the motion for leave to file a sur-reply [23] is granted.

*/s/ Rodney W. Sippel*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of February, 2020.