UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REFRIGERATION SUPPLIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19 CV 2210 RWS |
| | ) | |
| ACADIA INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND AMENDED CASE MANAGEMENT ORDER**

On the eve of trial, defendant filed a motion in limine seeking to exclude plaintiff's valuation of damages as precluded by the plain language of the insurance contract. For that reason, I vacated the trial date and provided the parties the opportunity to brief the issue. Having reviewed the briefs, I now conclude that this issue is one that should properly be resolved on summary judgment, not by motions in limine.[1] In the interests of justice, I will give the parties a new dispositive motion briefing schedule for this sole remaining issue.

Given that the Court has vacated the trial of this matter to permit the filing of summary judgment motions, I conclude that there is no undue prejudice in permitting plaintiff to use the June 2015 pricing report at trial. The parties are

---

[1] Under the terms of the governing amended case management order, this motion should have been filed no later than October 7, 2020. ECF 28.

granted leave to conduct any additional expert discovery needed to ameliorate any potential prejudice caused by this untimely disclosure, and plaintiff shall bear all costs of any additional depositions that may need to be taken as a result of this disclosure.

As for plaintiff's motion in limine, the Court will deny plaintiff's request to exclude evidence relating to the hail impact test for the same reasons it denied defendant's motion to exclude Anthony Childress as an expert witness in December of 2020.[2]  ECF 45.  Applying the same standards of admissibility to plaintiff's request, Mr. Wehmeier's opinion and the results of his simulated hail impact test are not rendered inadmissible merely because Mr. Childress disagrees with the opinions and testing methods used by Mr. Wehmeier.  As previously stated, it is up to the jury, not this Court, to weigh the credibility of these dueling experts and to determine which expert, if any, to believe.  Mr. Wehmeier's simulated hail impact test results are certainly fodder for vigorous cross-examination by plaintiff's counsel, but they are not inadmissible opinions and will not be excluded from trial.

---

[2] Under the terms of the governing amended case management order, this motion should have been filed no later than October 7, 2020 because it is a "motion to limit or exclude expert testimony." ECF 28.  My Memorandum and Order dated December 17, 2020, set out the standards governing the admissibility of expert opinion testimony and discussed the simulated hail impact test in detail.  ECF 45 AT 7-14.  This discussion will not be restated and is incorporated herein.

Plaintiff's motion to limit argument and reference to damage caused by manufacturing defect is granted as unopposed by defendant.

Plaintiff's motion to preclude defendant from arguing that the value of the loss is determined as of the date of loss is denied without prejudice to being raised in summary judgment briefing. Although the Court believes this argument is really just one in opposition to defendant's motion for summary judgment, plaintiff may file its own summary judgment motion on this issue if it so chooses.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion in limine [81] is **denied without prejudice** to raising the arguments in a motion for summary judgment in accordance with the deadlines set out below.

**IT IS FURTHER ORDERED** that plaintiff's motion in limine [79] is **granted only** with respect to argument and reference to damage caused by manufacturing defect, **denied** with respect to evidence relating to the hail impact test, and **denied without prejudice** to raising the arguments in support of, or opposition to, summary judgment with respect to precluding defendant from arguing that the value of the loss is determined as of the date of loss.

## AMENDED CASE MANAGEMENT ORDER

**IT IS FURTHER ORDERED** that the following amended schedule shall apply in this case and will be modified only upon a showing of exceptional circumstances:

1. The parties shall complete any additional expert discovery, including any additional expert witness depositions taken at the plaintiff's sole expense, by no later than **June 3, 2022.**

2. Any motions for summary judgment on the sole issue of the valuation of loss/damages must be filed no later than **July 1, 2022**. Opposition briefs shall be filed no later than **August 1, 2022.** Any reply brief may be filed no later than **August 11, 2022**. **No additional motions to dismiss or for summary judgment, motions for judgment on the pleadings, or motions to limit or exclude expert testimony are permitted**.

## ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **January 9, 2023**, at **8:30 a.m.** This is a **three** week docket.

Pursuant to Local Rule 8.04 the Court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**The attorneys shall, not less than twenty (20) days prior to the date set for trial:**

4

1. **Stipulation:**  Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2. **Witnesses:**

    (a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

    (b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits:**

    (a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf.-1, Deft.-A, or Pltf. Jones-1, Deft. Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

    (b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination.  Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

    (c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

**4.** **Depositions, Interrogatory Answers, and Request for Admissions:**

      (a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.  At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

      (b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

**5.** **Instructions:**  Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least ten (10) days before trial in light of opposing party's requests for instructions.  (Each request must be supported by at least one pertinent citation.)

**6.** **Trial Brief:**  Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

**The parties may not file any additional motions in limine and must seek leave from Court and demonstrate exceptional circumstances to file any proposed motions in limine at least thirty days before trial.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of April, 2022.