UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REFRIGERATION SUPPLIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19 CV 2210 RWS |
| | ) | |
| ACADIA INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on the second round of summary judgment motions filed in this case.[1]  As explained in my April 5, 2022 Memorandum and Order, on the eve of trial defendant sought to exclude plaintiff's valuation of damages as precluded by the plain language of the insurance contract.  (ECF 87).  Because this issue of contract interpretation is one to be resolved on summary judgment, I vacated the trial date and gave the parties leave to seek judgment as a matter of law on this sole issue.  Although the motions have been briefed, I have identified an additional issue that should be addressed by the parties before my ruling can issue.

I will not restate any of the background facts relevant to this dispute and refer instead to those facts previously set out in my December 17, 2020 Memorandum and Order denying summary judgment.  (ECF 45).  The standards

---

[1] Plaintiff calls its motion one for declaratory judgment.  (ECF 87).

governing summary judgment were also set out in that Memorandum and Order and remain the same.

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

Here, the sole issue to be determined is whether the insurance contract at issue requires plaintiff's damages to be valued at the time of loss (here, 2015) or

2

whether it permits plaintiff to use current price estimates in support of its claim for damages.[2]  The parties agree that Missouri law governs interpretation of the insurance contract.  Under Missouri law, general rules of contract construction apply when interpreting an insurance policy.  *Todd v. Missouri United Sch. Ins. Council*, 223 S.W.3d 156, 160 (Mo. banc 2007).  "The key is whether the contract language is ambiguous or unambiguous."  *Peters v. Employers Mut. Cas. Co.*, 853 S.W.2d 300, 302 (Mo. banc 1993).  "Absent an ambiguity, an insurance policy must be enforced according to its terms."  *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007); *see also Rodriguez*, 808 S.W.2d at 383.

If ambiguity exists, the court interprets the policy in favor of the insured.  *Todd*, 223 S.W.3d at 160.  "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy.  Language is ambiguous if it is reasonably open to different constructions."  *Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. banc 2010) (quoting *Seeck*, 212 S.W.3d at 132).  "Courts should not interpret policy provisions in isolation but rather evaluate policies as a whole."  *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. banc 2009).  Courts must "endeavor to give each provision a reasonable meaning and to avoid an interpretation that renders some provisions useless or

---

[2] Over defendant's objection, I permitted plaintiff to supplement its expert report with estimates using 2015 prices.  (ECF 87).

3

redundant." *Dibben v. Shelter Ins. Co.*, 261 S.W.3d 553, 556 (Mo. Ct. App. 2008). Courts must apply "the meaning which would be attached by an ordinary person of average understanding if purchasing insurance . . . ." *Seeck*, 212 S.W.3d at 132 (internal quotations and citations omitted). "'A contract or provision . . . is not ambiguous merely because the parties disagree over its meaning.'" *Gohagan v. Cincinnati Ins. Co.*, 809 F.3d 1012, 1016 (8th Cir. 2016) (quoting *Atlas Reserve Temps., Inc. v. Vanliner Ins. Co.*, 51 S.W.3d 83, 87 (Mo. Ct. App. 2001)).

The parties contend that the following provisions of the insurance contract govern the present dispute. The policy's Building and Personal Property Coverage Form contains a loss-payment provision stating as follows:

4. Loss Payment

a. In the event of loss or damage covered by this Coverage Form, at our option, we will either:

(1) Pay the value of lost or damaged property;

(2) Pay the cost of repairing of replacing the lost or damaged property, subject to b. below;

(3) Take all or any part of the property at an agreed or appraised value; or

(4) Repair, rebuild, or replace the property with other property of like kind and quality, subject to b. below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

(ECF 90-2 at 87).  The valuation condition provides as follows:

> 7. Valuation
>
> We will determine the value of Covered Property in the event of loss or damage as follows:
>
> a. At actual cash value as of the time of loss or damage, except as provided in b., c., d. and e. below.

(ECF 90-2 at 88).  Under Optional Coverages, the policy provides as follows:

> 3. Replacement Cost
>
> a. Replacement Cost (without deduction for depreciation) replaces Actual Cash Value in the Loss Condition, Valuation, of this Coverage Form.
>
> e. We will not pay more for loss or damage on a replacement cost basis than the least of (1), (2), or (3) subject to f. below:
>
> (1) The Limits of Insurance applicable to the lost or damaged property;
>
> (2) The cost to replace the lost or damaged property with other property:
>
> (a) Of comparable material and quality; and
>
> (b) Used for the same purpose; or
>
> (3) The amount actually spent that is necessary to repair or replace the lost or damaged property.

(ECF 90-2 at 91).  Neither party discusses the applicability, if any, of the following provision in the Replacement Cost section:

> d. We will not pay on a replacement cost basis for any loss or damage:
>
> (1) Until the lost or damaged property is actually repaired or replaced; and
>
> (2) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

5

(ECF 90-2 at 91).  Under this provision of the contract, which I must construe as a whole, it appears that plaintiff may be precluded under these facts from using replacement cost valuation as a matter of law.

The Court will provide the parties an opportunity to address this provision of the contract and discuss its applicability, if any, to the present dispute, supported by relevant Missouri case law.  I would also urge the parties to renew their efforts to settle this case as it will otherwise be re-referred to mediation when the Court issues its ruling on the pending motions.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall each submit a brief, not to exceed seven pages in length, addressing the issue identified above by no later than **October 3, 2022**.  **No responsive briefing will be permitted**.

                                                _____
                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 23rd day of September, 2022.