UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REFRIGERATION SUPPLIES, INC.,      )
                                   )
          Plaintiff,               )
                                   )
     vs.                           )          Case No. 4:19 CV 2210 RWS
                                   )
ACADIA INS. CO.,                   )
                                   )
          Defendant.               )

## MEMORANDUM AND ORDER

This matter is before me on the second round of summary judgment motions
filed in this case.[1]  As explained in my April 5, 2022 Memorandum and Order, on
the eve of trial defendant sought to exclude plaintiff's valuation of damages as
precluded by the plain language of the insurance contract.  (ECF 87).  Because this
issue of contract interpretation is one to be resolved on summary judgment, I
vacated the trial date and gave the parties leave to seek judgment as a matter of law
on this sole issue.  After the briefs were filed, I identified an additional issue of
contract interpretation upon which I was considering granting summary judgment.
I then alerted the parties to the issue and requested additional briefing.[2]  Now that

---

[1] Plaintiff calls its motion one for declaratory judgment.  (ECF 87).

[2] Rule 56(f) of the Federal Rules of Civil Procedure permits the court to "consider summary
judgment on its own after identifying for the parties material facts that may not be genuinely in
dispute" and to grant summary judgment on that ground after giving the parties notice and an
opportunity to respond.

those briefs have been filed, I conclude that plaintiff is precluded as a matter of law from seeking replacement cost value (RCV) damages in this case under the plain language of the insurance contract.

I will not restate any of the background facts relevant to this dispute and refer instead to those facts previously set out in my December 17, 2020 Memorandum and Order denying summary judgment.  (ECF 45).

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is insufficient to survive

a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

The parties agree that Missouri law governs interpretation of the insurance contract.  Under Missouri law, general rules of contract construction apply when interpreting an insurance policy.  *Todd v. Missouri United Sch. Ins. Council*, 223 S.W.3d 156, 160 (Mo. banc 2007).  "The key is whether the contract language is ambiguous or unambiguous."  *Peters v. Employers Mut. Cas. Co.*, 853 S.W.2d 300, 302 (Mo. banc 1993).  "Absent an ambiguity, an insurance policy must be enforced according to its terms."  *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007).

If ambiguity exists, the court interprets the policy in favor of the insured. *Todd*, 223 S.W.3d at 160.  "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions."  *Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. banc 2010) (quoting *Seeck*, 212 S.W.3d at 132).  "Courts should not interpret policy provisions in isolation but rather evaluate policies as a whole."  *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. banc 2009).  Courts must "endeavor to give each provision a reasonable meaning and to avoid an interpretation that renders some provisions useless or redundant."  *Dibben v. Shelter Ins. Co.*, 261 S.W.3d 553, 556 (Mo. Ct. App. 2008).

Courts must apply "the meaning which would be attached by an ordinary person of average understanding if purchasing insurance . . . ." *Seeck*, 212 S.W.3d at 132 (internal quotations and citations omitted).  "'A contract or provision . . . is not ambiguous merely because the parties disagree over its meaning.'"  *Gohagan v. Cincinnati Ins. Co.*, 809 F.3d 1012, 1016 (8th Cir. 2016) (quoting *Atlas Reserve Temps., Inc. v. Vanliner Ins. Co.*, 51 S.W.3d 83, 87 (Mo. Ct. App. 2001)).

The following relevant provisions of the insurance contract govern the present dispute.  The policy's Building and Personal Property Coverage Form contains a loss-payment provision stating as follows:

4. Loss Payment

a. In the event of loss or damage covered by this Coverage Form, at our option, we will either:

(1) Pay the value of lost or damaged property;

(2) Pay the cost of repairing of replacing the lost or damaged property, subject to b. below;

(3) Take all or any part of the property at an agreed or appraised value; or

(4) Repair, rebuild, or replace the property with other property of like kind and quality, subject to b. below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

(ECF 90-2 at 87).  The valuation condition provides as follows:

7. Valuation

We will determine the value of Covered Property in the event of loss or damage as follows:

a. At actual cash value as of the time of loss or damage, except as provided in b., c., d. and e. below.

(ECF 90-2 at 88).  Under Optional Coverages, the policy provides as follows:

3. Replacement Cost

a. Replacement Cost (without deduction for depreciation) replaces Actual Cash Value in the Loss Condition, Valuation, of this Coverage Form.

d. We will not pay on a replacement cost basis for any loss or damage:

(1) Until the lost or damaged property is actually repaired or replaced; and

(2) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

(ECF 90-2 at 91).

e. We will not pay more for loss or damage on a replacement cost basis than the least of (1), (2), or (3) subject to f. below:

(1) The Limits of Insurance applicable to the lost or damaged property;

(2) The cost to replace the lost or damaged property with other property:

(a) Of comparable material and quality; and

(b) Used for the same purpose; or

(3) The amount actually spent that is necessary to repair or replace the lost or damaged property.

(ECF 90-2 at 91).

It is undisputed that plaintiff has not repaired or replaced the roofs or HVAC units which it alleges were damaged by the 2015 hail storm.  Section 7(d) of the contract states that defendant "will not pay on replacement cost basis for any loss

or damage until the lost or damaged property is actually repaired or replaced."
Defendant argues that plaintiff is precluded from seeking RCV damages in this
case as a matter of law under the replacement cost provision of the contract.
Plaintiff disagrees and contends that it is entitled to seek the RCV as damages on
its breach of contract claim because defendant has denied that it sustained a
covered loss under the policy.  Plaintiff contends that it has been unable to replace
or repair the roofs and HVAC units because defendant has failed and refused to
pay anything on its claim.[3]

Construing a nearly identical replacement cost provision under Missouri
law, the Eighth Circuit Court of Appeals held that "the policy's replacement cost
provision was clear and unambiguous, and therefore the district court was required
to enforce the provision as written."  *Olga Despotis Trust v. Cincinnati Insurance
Company*, 867 F.3d 1054, 1064 (8th Cir. 2017).  "Courts applying Missouri law
have found when a policy requires repair or replacement of the damaged property
as a condition precedent to receiving payment for the repair or replacement costs,
the insurer has no obligation to pay that amount unless or until repair or
replacement occurs."  *Id.* (citing *Porter v. Shelter Mut. Ins. Co*., 242 S.W.3d 385,

---

[3] This is sometimes referred to as a "seed money" argument because insureds claim they need an
initial payment from the insurance company to fund the repairs or replacement.  *See Olga
Despotis Trust v. Cincinnati Insurance Company*, 2016 WL 831933, at *3 (E.D. Mo. Feb. 29,
2016).

394 (Mo. Ct. App. 2007); *Kastendieck v. Millers Mut. Ins. Co. of Alton, Ill.*, 946 S.W.2d 35, 40 (Mo. Ct. App. 1997); *Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 977-78 (8th Cir. 2016)).  The Eighth Circuit therefore affirmed the district court's determination that the insured was not entitled to seek RCV as a matter of law because "[i]t is undisputed that the replacement process was neither complete nor underway within two years of the date of loss as required under the policy."[4]  *Id.*

In support of its argument that it should be entitled to seek RCV damages even though it has not repaired or replaced the damaged property, plaintiff relies on two decisions from this district, *Calhoun v. State Farm Fire and Casualty Co.*, 4:19CV2540 SNLJ, 2021 WL 388556, at *3 (E.D. Mo. Aug. 31, 2021), and *Cincinnati Ins. Co. v. Saint Louis Produce Markets, Inc.*, 4:20CV358 SNLJ, 2021 WL 4988876, at *4 (E.D. Mo. Oct. 27, 2021).  In *Cincinnati Ins. Co.*, the district

---

[4] The Honorable Ronnie L. White determined that the insured could not maintain a breach of contract claim as a matter of law because it did not fulfill the condition precedent necessary to trigger the replacement cost provision of the contract, and the insurer, by participating in the required appraisal process and paying the ACV of the loss, could not have breached the contract by refusing to pay the insured the RCV when no such damages were owed.  *See Olga Despotis Trust v. Cincinnati Insurance Company*, 2016 WL 831933, at *2-*3 (E.D. Mo. Feb. 29, 2016).

This case differs from Judge White's because the appraisal provision of the contract at issue here does not apply (the dispute is one over coverage, not just valuation) and the defendant has not paid anything on the claim.  Therefore, even though plaintiff has not fulfilled the conditions precedent necessary to invoke the replacement cost provision of the contract, it can still maintain a breach of contract claim against defendant if it proves, and the jury believes, that the defendant wrongfully failed to pay the ACV for the loss.

judge construed a replacement cost provision in an insurance policy.  Although he acknowledged the Eighth Circuit's opinion in *Olga Deposits*, the judge concluded that the insured was not precluded from seeking RCV on its breach of contract claim despite not repairing or replacing the property within the time frame required by the policy because "[h]aving denied that the roof damage is a loss, [insurer] cannot then rely on the two-year limitation that applies only to loss." *Id.*  To support his conclusion, the judge cites to his prior decision in *Calhoun* and a 1970 Missouri Supreme Court case holding that "[i]t is elementary that a party to a contract cannot claim its benefit where he is the first to violate it." *Boten v. Brecklein*, 452 S.W.2d 86, 92 (Mo. 1970).

        These decisions of another district judge are not binding authority on me.  Neither decision was appealed to the Eighth Circuit as the cases settled on the eve of trial, so I decline to consider them as persuasive authority.  I am bound by the Eighth Circuit's decision in *Olga Deposits*, which requires me to apply the unambiguous language of the replacement cost provision of the policy as written.  That provision precludes plaintiff from seeking RCV damages in this case because it has not complied with the condition precent of repairing or replacing the property.  Judge White rejected the same type of "seed money" argument made by plaintiff here, and the Eighth Circuit affirmed his decision.  I reject plaintiff's argument for the same reasons, which are well-grounded in Missouri law.  "When

an insurance company wrongfully refuses payment of a claim to its insured, the company has simply breached its contract." *Overcast v. Billings Mut. Ins. Co.,* 11 S.W.3d 62, 67 (Mo. 2000).  "Damages for breach of contract are limited to the loss of the benefit itself." *Id.*  The damage amount should place the insured in the position he would have been in had the contract been performed. *Id. (citing Boten v. Brecklein,* 452 S.W.2d 86 (Mo. 1970)).  To permit plaintiff to seek RCV in this case, even though it has not performed the required condition precedent of repairing or replacing the property, would reward plaintiff with a benefit to which it is not entitled under the contract.  For this reason, plaintiff is precluded as a matter of law from using replacement cost value as a measure of damages on its breach of contract claim.

Finally, I will require the parties to conduct another mediation session with their previously selected mediator, or a new mediator of their choice.  This mediation session should be concluded before December 9, 2022.  Although the Court will not send out another ADR referral order, the parties should file their designation of neutral form by no later than 20 days from the date of this Order.  An ADR compliance report shall also be filed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is precluded from using replacement cost valuation in this case as a matter of law.

9

**IT IS FURTHER ORDERED** that plaintiff's motion for declaratory judgment [89] is denied, and defendant's motion for partial summary judgment [91] is denied as moot.

**IT IS FURTHER ORDERED** that <u>the parties shall conduct another mediation session with their previously designated mediator, or a new mediator of their choice.  This mediation session should be concluded before December 9, 2022.  The parties should file their designation of neutral form by no later than 20 days from the date of this Order.  An ADR compliance report shall also be filed.</u>

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of October, 2022.